## Case No. 4,904.

### FONDA v. BRITISH–AMERICAN ASSUR. CO.

[6 Cent. Law J. 305; 6 Reporter, 71; 7 Ins. Law J. 468; 10 Chi. Leg. News, 309.] [1]

Circuit Court, E. D. Michigan. April 1, 1878.

[1] [Reprinted from 6 Cent. Law J. 305, by permission. 6 Reporter, 71, contains only a partial report.]

C. E. Warner, for motion.
H. E. Windsor, contra.

BROWN, District Judge. This is an action brought by a writ of summons, in which the defendant is described "as a body corporate, organized and existing under the laws of Ontario, in the dominion of Canada, and an alien and a subject of the queen of Great Britain and Ireland." The motion raises the question of the jurisdiction of this court over the defendant, and is based upon the fact that it is not an inhabitant of, or found within this district.

The first section of the act of 1875, following in this respect the language of the judiciary act, provides "that no civil suit shall be brought before either of said courts against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of the serving of such process, or of commencing such proceeding, except as hereinafter provided." A series of decisions of the supreme court has settled the law that a corporation is only a citizen of the state by which it is created; that it is a mere creature of local law, and has not even an absolute right of recognition in other states, but depends for that, and for the enforcements of its contracts, upon the assent of those states, which may be given upon such terms as they please. Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 519; Paul v. Virginia, 8 Wall. [75 U. S.] 168; Ohio & M. R. Co. v. Wheeler, 1 Black. [66 U. S.] 286; Baltimore & O. R. Co. v. Harris, 12 Wall. [79 U. S.] 81. Accordingly, it has always been held that a foreign corporation was not an inhabitant of any district except that within which it was incorporated, and that service upon its officers in another district was not a finding of the corporation in that district, within the meaning of the judiciary act. Day v. Newark India Rubber Manuf'g Co. [Case No. 3.685]; Main v. Second Nat. Bank [Id. 8,976].

If the service of the summons in this case is supported at all, it must be by virtue of the statute of this state, which provides that every foreign insurance company shall file with the secretary of state a resolution, authorizing any agent, duly appointed by resolution, under the seal of the company, to acknowledge service of process for, and in behalf of such company, "consenting that service of process upon any agent shall be taken and held to be as valid as if served upon the company or association, according to the laws of this state or any other state, and waiving all claim of error by reason of such service." That such service is valid and regular, has not only been repeatedly recognized by the supreme court of this state, but was held to be valid as applied to process from the state courts in the case of Lafayette Ins. Co. v. French, 18 How. [59 U. S.] 404. It is true the question was not discussed whether such service would be valid as applied to process of the federal court, but there is no intimation that it would not be so considered. In the case of Railroad Co. v. Harris, 12 Wall. [79 U. S.] 81, the supreme court observed in speaking of a foreign corporation: "It can not migrate, but may exercise its authority in a foreign territory, upon such conditions as may be prescribed by the laws of the place. One of these conditions may be that it shall consent to be sued there. If it do business there it will be presumed to have assented, and will be bound accordingly." The question at issue here, however, was not directly passed upon in that case. In Pomeroy v. New York & N. H. R. Co. [Case No. 11,261]. it was held that the provision in the judiciary act above quoted could not be altered or modified by any state law, and that the law of New York in regard to a Connecticut corporation, declaring it liable to be sued in the same manner as corporations created by the laws of New York, and that process might be served on the officers or agent of the corporation, would not have the effect to give the federal court jurisdiction of a suit against such corporation by service within the district on an officer or agent.

I am better satisfied, however, with the opinion in the case of Knott v. Southern Life Ins. Co. [Id. 7,894], in which jurisdiction in a similar case was sustained. It seems to me the very object of the state law was to provide that no insurance company should do business within the state that was not capable of being sued there, and that the constructive presence of a corporation in the person of its agent should be recognized as well by us as by the state courts. The cases holding that a corporation is a citizen only of the state in which it is organized, are quite as applicable to state courts as to federal courts, and would be as effectual to prevent a foreign corporation being sued in the state courts of another state as in the federal courts. Now, if statutes like this may be held to constitute a constructive presence of the corporation in another state for the purpose of the service of process from the state court, I see no reason why it should not operate equally in favor of process from this court. And if a foreign corporation may appear after the issuing of process and defend a suit. (of which no doubt was ever entertained) it is difficult to see why it may not agree beforehand that it will accept ser-

vice of all process that may be served upon it. In this particular the case of Day v. Newark India Rubber Co., above cited, differs from the one under consideration—there was no express agreement on the part of the corporation to accept service—the jurisdiction could only be sustained upon the theory that the acceptance of the franchise implied an agreement to be bound by the conditions of the statute. With deference to conflicting opinions, the reasoning of Judge Woods in the case cited from his reports seems to me unanswerable, and for the present I shall act upon it as the law in these cases.