## HARTOG *v.* MEMORY.

*(Circuit Court, N. D. Illinois.* May 11, 1885.)

CIRCUIT COURT—JURISDICTION—ACT OF MARCH 3, 1875, CH. 137, § 5—DISMISSAL OF SUIT.

> When, during the trial of a case in the circuit court, it appears from the testimony that the controversy in the suit is not one between a citizen of a state of the United States and a citizen of a foreign state, as alleged in the declaration, but one between two aliens, and no question arising under the constitution or laws of the United States is involved, a motion, after verdict, to dismiss for want of jurisdiction will be granted.

Motion to Dismiss.

*Rosenthal & Pence,* for plaintiff.

*Austin Bierbower* and *W. P. Black,* for defendant.

BUNN, J. This action was brought by the plaintiff, a citizen of Rotterdam, Holland, against the defendant, upon a contract for the delivery of pork, made at Rotterdam. In the declaration it is alleged that the defendant is a citizen of the state of Illinois. The defendant pleaded the general issue, and the case was tried, and a verdict rendered for the plaintiff for $2,497. Upon the trial, the defendant, at the close of his testimony, testified that he had, for eight or ten years, resided, and been doing business, at Chicago; but was not a citizen of the United States, but was a citizen of Great Britain; from which testimony it appeared, for the first time to the court, near the close of the trial, that the controversy in the suit was not one between a citizen of a state of the United States and a citizen of a foreign state, but was one between two aliens, of which this court has no jurisdiction, under the laws and constitution of the United States. After verdict, the defendant moved to dismiss the suit for want of jurisdiction.

It seems clear to me, under the act of March 3, 1875, that the motion must prevail. Under the practice as it stood before the passage of that act, if the defendant did not plead specially to the want of jurisdiction, and there were proper allegations in the declaration showing the jurisdiction, or it otherwise appeared of record in the case, the defendant could not take advantage of any defect in the jurisdiction, appearing upon the trial or during the progress of the cause. The matter of jurisdiction, to a certain extent, was made a question of pleading. If the requisite diverse citizenship appeared of record, the defendant, if he wished to dispute it, must do so by special plea in abatement, the purpose of which rule was to keep the issue upon jurisdiction and the issue upon the merits separate and distinct. And the order of pleading was that pleas to the jurisdiction should be put in and tried first. And if there was a plea to the merits, the right to plead to the jurisdiction was waived, although the court might allow the defendant to withdraw his plea to the merits for the purpose of pleading to the jurisdiction. This was the natural and proper order of

pleading. But the result was that the court frequently found itself engaged in the hearing of controversies which it was never intended should be litigated in the federal courts, and over which it had in fact no jurisdiction under the constitution.

All that was necessary to bring about this state of things was to have a collusive understanding between the parties, whereby the question of diverse citizenship should not be raised. In that way, by putting the proper allegations into the record, which it was not necessary should be sworn to, and the defendant failing to plead to the jurisdiction, any controversy between two aliens, or between two citizens of the same state, might be litigated in the federal courts. The court, by its own rules and decisions, was powerless to remedy the evil, and it was not remedied until by the act of March 3, 1875. Section 5 of that act provides—

"That if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require. * * *"

This provision wholly changes the rule that, in order to take advantage of the want of jurisdiction, the matter must be specially pleaded. It makes it the duty of the court at any stage of the proceedings to dismiss the case when this want appears. And this is as it should be. The court ought not to have its hands tied, and be required to hear and determine controversies over which the constitution gives it no jurisdiction, simply because one party has made false allegations of citizenship, and the other has failed purposely or otherwise to plead the facts within its own knowledge to show the want of jurisdiction.

But it is contended by plaintiff's counsel that the above provision applies only to two classes of cases, namely: *First*, where jurisdiction is sought to be maintained on account of the controversy being one arising under the constitution and laws of the United States; and, *second*, where the parties have been collusively made or joined for the purpose of creating a case cognizable under the act; and that it has no application to a case where the want of jurisdiction comes from the lack of the proper diverse citizenship of the parties, when that fact is relied upon; and that in this last case the old rule still holds that such want of citizenship must be pleaded specially, or the court cannot take notice of it. But such an interpretation seems too narrow, and I think is not warranted either from a consideration of the language employed or the mischief intended to be remedied. A very large majority of the cases, perhaps more than four-fifths of the cases

brought in the circuit courts of the United States, are cases at common law or in equity between citizens of different states or citizens of a state and aliens, and where the sole ground of jurisdiction is such diverse citizenship of the parties.

It would have been hardly expected that congress should have undertaken to provide for the small number of cases where jurisdiction comes from the fact that there is a controversy arising under the laws or constitution of the United States, and leave unprovided for that much larger class where jurisdiction comes from citizenship. Besides, there was no need to provide for the former class as it was always the rule in a suit between citizens of the same state claiming under grants from different states, or where the controversy was alleged to be one arising under the laws of the United States, that if it appeared upon the trial or hearing that the court had not jurisdiction of the subject-matter of the controversy, it should dismiss the cause.

In my judgment the first clause of section 5, "that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court," covers all classes of cases, whatever the claimed source, or ground of jurisdiction may be. It is said that this clause is only intended to apply to cases where the court gets jurisdiction by virtue of the subject-matter, and that these are only cases arising under the constitution or laws of the United States. But all questions of jurisdiction, as a ground of jurisdiction in the federal courts, are questions of jurisdiction of the subject-matter. The circuit court has not jurisdiction of the subject-matter of controversies at common law or in equity, unless the proper diverse citizenship exists. If it were merely a question of jurisdiction of the person, as in case of defective service, a general appearance would waive it. But it is well settled that neither a general appearance nor express consent can confer jurisdiction upon the circuit court of an ordinary controversy at common law or in equity between citizens of the same state. The parties must be citizens of different states, to give the court jurisdiction of the dispute or controversy. If, in the course of the proceedings, it shall appear that the case is one of which the court has not jurisdiction, as that it involves a dispute or controversy at common law between citizens of the same state, or between aliens, it becomes the duty of the court to dismiss the case. The cases of *Williams* v. *Nottawa,* 104 U. S. 209, and *Farmington* v. *Pillsbury,* 114 U. S. 138, S. C. 5 Sup. Ct. Rep. 807, arising under this section, were both cases where parties had been collusively made or joined; but the language and decisions of the court cover every case where it appears to the satisfaction of the court that it is one where it has no jurisdiction, and, in my judgment, should rule the case at bar. In the latter case, on page 144, the court, speaking by Chief Justice WAITE, say:

"The old rule, established by the decisions which required all objections to the citizenship of the parties, unless shown on the face of the record, to be

taken by plea in abatement, before pleading to the merits, was changed, and the courts were given full authority to protect themselves against the false pretenses of apparent parties. This is a statutory provision which ought not to be neglected. It was intended to promote the ends of justice, and is equivalent to an express enactment by congress that the circuit court shall not have jurisdiction of suits which do not really and substantially involve a dispute or controversy of which they have cognizance, nor of suits in which parties have been improperly or collusively made or joined for the purpose of creating a case cognizable under the act."

See, also, *Rae* v. *Grand Trunk Ry. Co.* 14 FED. REP. 401, which was a case, like this, between two aliens, and *Ryan* v. *Young*, 9 Biss. 63, by Mr. Justice HARLAN. Both these cases, I think, are authority for the ruling here.

The case will be dismissed for want of jurisdiction.