## MAXWELL v. ATCHISON, T. & S. F. R. Co.

*(Circuit Court, E. D. Michigan. March 19, 1888.)*

1. CONTRACTS—ACTION FOR BREACH—JURISDICTION.
   A cause of action upon a contract arises, not in the state where the contract is made, but where it is broken.

2. RAILROAD COMPANIES—ACTIONS—SERVICE OF PROCESS.
   In an action against a railway corporation of another state, service of process cannot be made upon a passenger agent whose sole duty it is to solicit travel for the defendant road, notwithstanding he may have been employed to effect a compromise of plaintiff's claim.

3. COURTS—FEDERAL JURISDICTION—TORTS—AMOUNT IN CONTROVERSY—ACT OF 1875.
   It seems that under the act of 1875, even in actions of tort, if it appears clearly from the plaintiff's own statement or the testimony of his witnesses that a verdict for $2,000 would be so excessive as to require the court to set it aside, and grant a new trial, it is its duty to dismiss the case for the want of jurisdiction.

*(Syllabus by the Court.)*

At Law. On demurrer to replication.

This was an action of trespass upon the case to recover damages for the alleged expulsion of the plaintiff from one of defendant's passenger cars within the state of Kansas. Plaintiff, who is a resident and citizen of this county, bought from the Wabash Company, in Detroit, a ticket for Denver, Colo., and return. This ticket was composed of several coupons, one of which entitled him to be transported over the railroad of the defendant in the state of Kansas. His expulsion took place on his return from Denver. Defendant pleaded to the jurisdiction of the court: *First.* That defendant is a corporation organized under the laws of Kansas, and has no agent within this state upon whom process could be lawfully served; that George E. Gillman, upon whom such process was served, has desk-room, for which this defendant pays, in a coal office in this city, and has merely authority to solicit persons intending to travel in Kansas to patronize the defendant road; that he has no authority to

sell tickets, and is not clothed with any agency whatever from this defendant, except as such solicitor. *Second.* That the ejection of the plaintiff charged in the declaration took place in the state of Kansas; that Gillman did not solicit the plaintiff to travel upon the defendant road, and neither the purchase of the ticket nor the cause of action grew out of the agency of said Gillman as passenger agent. To this plea plaintiff replied—*First*, that Gillman was an agent of the defendant within this state, and was represented by the defendant upon one of its printed folders as a "passenger agent," and that the defendant recognized Gillman as such agent by authorizing him to compromise this suit against it for a specified sum; and, *second*, that the cause of action did accrue to the plaintiff within the state of Michigan, because the contract was made with the defendant's agent by the purchase of a ticket in Detroit to Denver and return, and was a continuing contract upon which a transitory action arises. Defendant demurred to this replication, and plaintiff joined in the demurrer.

*Sylvester Larned* and *D. A. Straker*, for plaintiff.

*Alfred Russell*, for defendant.

BROWN, J., *(after stating the facts as above.)* Two questions are presented by the pleadings in this case: *First*, whether Gillman was such a representative or agent of the defendant company that such company can be said to be "found" within this district, within the meaning of the act of congress; *second*, whether this court has jurisdiction of an action for a trespass committed upon the plaintiff in another state. The defendant is a corporation organized under the laws of Kansas, and its several lines of railway run westward from the Missouri river. It was represented in Detroit by one Gillman, who is described upon its folders as a "passenger agent." His business is to solicit passengers for the defendant, but he has no authority to sell tickets. He also seems to have been employed by the defendant to effect a settlement of plaintiff's claim, and, in pursuance of his instructions, made an offer of compromise. It does not appear to me that the law of this state with respect to suits against foreign corporations (How. St. § 8145) cuts any figure in the case, since it provides for service of process upon the agent of a foreign corporation only where the cause of action arises within this state. I am clearly of the opinion that the cause of action arises, not where the contract is made, but where it is broken; and that, as the expulsion of the plaintiff took place in the state of Kansas, the cause of action must be deemed to have arisen there. But, in addition to that, the statute provides that service may be made upon any officer or agent of the corporation; and the question who shall be deemed an "agent" within the meaning of the statute is left an open one, to be determined irrespective of the statute.

The general rule appears now to be well settled that a foreign corporation may be sued within any jurisdiction wherein it carries on an important part of its business. Where, under the laws of the state, it is required as a condition of doing business within the state that it shall appoint an officer or agent upon whom process may be served, such cor-

poration is always treated as "found" within the state within the meaning of the judiciary act; and suits in the federal courts may be instituted by service upon him. *Ex parte Schollenberger*, 96 U. S. 369; *Brownell* v. *Railroad Co.*, 3 Fed. Rep. 761; *Runkle* v. *Insurance Co.*, 2 Fed. Rep. 9; *Knott* v. *Insurance Co.*, 2 Woods, 479; *Fonda* v. *Assurance Co.*, 6 Cent. Law J. 305. On the other hand, when an officer of a foreign corporation is temporarily visiting or traveling within the state, it is equally well settled that service of process against the corporation cannot be made upon him if the corporation is not actually doing business within the state. *St. Clair* v. *Cox*, 106 U. S. 350, 1 Sup. Ct. Rep. 354; *Newell* v. *Railway Co.*, 19 Mich. 336. What is the character or amount of business which the corporation must do to subject its agent to the service of process within the foreign state, is left in some doubt by the authorities. If it have an office for the general transaction of its business,—the sale of its goods, if it be a manufacturing corporation; or the making of contracts, and the receipt of freight and passengers for transportation, if it be a railroad,—it would appear to be sufficient. *Hayden* v. *Mills*, 1 Fed. Rep. 93; *Railroad Co.* v. *Harris*, 12 Wall. 65, *Railroad Co.* v. *Cram*, 102 Ill. 249; *Libbey* v. *Hodgdon*, 9 N. H. 394. So it was held that the circuit court of Illinois had jurisdiction of an action against a beef-canning corporation organized under the laws of Missouri, which owned a slaughter-house and stock-yard within the state of Illinois, where beef to be canned was slaughtered and dressed for and in the name of the company. *Packing Co.* v. *Hunter*, 7 Reporter, 455. So in *Williams* v. *Transportation Co.*, 14 O. G. 523, it was held that the station agent of a foreign transportation company was a representative upon whom process might be served, though he had nothing to do with the construction or operation of the cars, nor with the running of the same; his duty being merely to keep the books of the company, to collect the amount due for freights received and shipped, and to make returns of the same to the office of the company at Philadelphia. In that case the state law provided that actions might be brought against foreign corporations by service of process upon any officer, director, agent, clerk, or engineer. The same principle has been applied to foreign insurance companies having an agent within the jurisdiction of the court, with power to receive premiums and issue policies. *Moch* v. *Insurance Co.*, 10 Fed. Rep. 696; *Moulin* v. *Insurance Co.*, 25 N. J. Law, 57; *Michael* v. *Insurance Co.*, 10 La. Ann. 737. Upon the other hand, if the agent be a local one, with authority only to receive applications and give receipts for the same, it has been held that service upon such agent is insufficient to bind the corporation. *Weight* v. *Insurance Co.*, 30 La. Ann. 1186.

Much the strongest case in favor of the plaintiff is that of *Block* v. *Railroad Co.*, 21 Fed. Rep. 529. This was also an action for an injury received in Kansas through the negligence of this same defendant. The defendant's road did not run into the jurisdiction, but it had an office in Kansas City and St. Louis. Service was made upon the officer in charge of the company's office at St. Louis. Judge BREWER held that as the corporation had an established business office and agency within the dis-

trict, and an agent employed for the purpose of furthering the transportation business of the corporation, the corporation might be considered as found wherever such office and agency was established. By reference to the folders of the company, it will appear that these were general agents, with authority to make contracts and sell tickets for the company, and not mere solicitors of business, as in this case. In England the rule is that if the foreign corporation has a place of business, or a subordinate board of directors acting for the corporation in England, it may be sued there. *Newby* v. *Manufacturing Co.*, L. R. 7 Q. B. 293. The English courts, however, are less liberal in their application of this rule than our own. By statute, process against private corporations must be served upon the head officer, clerk, treasurer, or secretary; and in *Mackereth* v. *Railway Co.*, L. R. 8 Exch. 149, it was held that service upon a ticket agent of a Scotch railway at Carlisle was insufficient to charge the corporation, notwithstanding it ran its cars into the railway station at that place.

The general subject of the power of the federal courts to entertain suits against foreign corporations received a very exhaustive consideration by Judge JACKSON in *U. S.* v. *Telephone Co.*, 29 Fed. Rep. 17. This was a bill in equity against the Bell Telephone Company. The marshal returned service of process by delivering a copy of the subpœna to the vice-president of the Cleveland Telephone Company, such company being an agent and partner of the Bell Telephone Company within the Northern district of Ohio. The learned judge held the service to be insufficient, and in delivering the opinion observed—

"That, in the absence of a voluntary appearance, three conditions must concur or co-exist in order to give the federal courts jurisdiction *in personam* over a corporation created without the territorial limits of the state in which the court is held, viz.: *First*, it must appear as a matter of fact that the corporation is carrying on its business in such foreign state or district; *second*, that such business is transacted or managed by some agent or officer appointed by and representing the corporation in such state; and, *third*, the existence of some local law making such corporation, or foreign corporations generally, amenable to suit there as a condition, expressed or implied, of doing business in the state."

It is evident that this ruling is fatal to the maintenance of the case under consideration, inasmuch as by the state law jurisdiction is given over foreign corporations only where the cause of action arises within this state. I have already held that the cause of action in this case arose within the state of Kansas. But even if it be conceded that jurisdiction might be maintained, irrespective of the state statute, wherever service could be made upon an authorized agent of the corporation, it does not seem to me that the business which the defendant carried on in this state was of such a character as to make it amenable to suits within this jurisdiction. Gillman was not an officer and managing agent, or even a ticket agent of the company. He had no independent office or place of business, but simply occupied a desk in a coal office. His authority was limited to soliciting business,—to turning, as far as he could, the tide of western travel over the defendant road. In fact, he was a mere runner.

From the folders of the company it appears that it has agents of this description in at least a dozen different states. If it can be sued in this state for a cause of action arising in Kansas, it is equally amenable to suit in any one of these states in which it may happen to have a passenger agent for soliciting business. It would, in my opinion, be an unwarranted extension of the law of constructive presence to hold the road liable to suit in all these different states as a corporation inhabitant or found therein. The same principle would make every manufacturing or trading corporation liable to suit in any state in which it sent a commercial agent or "drummer" to solicit patronage.

There is another point with respect to our cognizance of this case, which does not properly arise upon these pleadings, but may perhaps be alluded to here in view of the facts stated by counsel upon the argument. I have grave doubt whether the amount of damages is sufficient to give the court jurisdiction. While the general rule announced in *Gordon* v. *Longest*, 16 Pet. 97, is unquestioned, that in actions of tort the amount claimed in the declaration is the test of jurisdiction, this case must be construed in connection with the act of 1875, the fifth section of which makes it the duty of the court to dismiss the case when it shall appear to its satisfaction that the suit does not really and substantially involve a dispute or controversy properly within its jurisdiction. This duty was dwelt upon and enforced in the case of *Williams* v. *Nottawa*, 104 U. S. 209. I have had frequent occasion to apply this rule in actions upon contract, and also in actions of ejectment, where it clearly appeared that the value of the land in controversy was less than the minimum jurisdictional amount. I know of no reason why the same rule should not be applied in actions of tort, except that in such cases the damages are not susceptible of mathematical computation, and are more largely in the discretion of the jury than in actions upon contract. I apprehend, however, there is still some discretion in this class of cases. Suppose an action were brought for a manifestly trivial injury, such as a bruise or a sprained ankle, and the court can see that by no possibility could a verdict for $2,000 be sustained,—I know of no reason why it should not refuse cognizance of the case, and remit the parties to their proper forum. Indeed, it seems to me that wherever it appears clear from the plaintiff's own statement, or the testimony of his witnesses, that a verdict of $2,000 would be so grossly excessive as to require the court in the exercise of its judicial discretion to set it aside, and direct a new trial, it is equally its duty to dismiss the case for want of jurisdiction. In the case under consideration the plaintiff was not actually ejected from the cars. The conductor refused to receive his ticket, and threatened to eject him, but after some trouble and delay he succeeded in borrowing $15 from a fellow-passenger, with which he paid his fare to Detroit, and was permitted to continue upon the same train. He was undoubtedly subjected to some inconvenience from his inability to procure food. He alleges, and I am bound to presume, that he suffered from the pangs of hunger; at the same time, upon his own statement, it appears to me exceedingly improbable that he could obtain a verdict for $2,000, and equally improb-

able that such a verdict could be sustained, if it were rendered. It is not necessary, however, to pass upon this question. I make the suggestion, rather, as an intimation of what I propose to do in cases of this description. The time of the court is largely taken up in the trial of negligence cases in which the amount recovered is less than $1,000; and the only penalty seems to be that a party shall not recover costs, if the amount of the verdict be less than $500, unless there is power to apply the summary remedy which I have indicated. This power I propose to exercise where it clearly appears to me that the action should not have been brought here.

An order will be entered sustaining the demurrer to the replication, for the reason that the defendant was not found within this district.