# DAVIES V. WELLS.

---

## DAVIES v. WELLS.

### (Circuit Court, M. D. Pennsylvania. December 22, 1904.)

#### No. 11.

1. REMOVAL OF CAUSES—EJECTMENT—ISSUE TAKEN AS TO VALUE OF LAND—BURDEN OF PROOF.

Where, on a petition for the removal of an action of ejectment, the value of the land is traversed, it must be established by the removing party by proof. This, as the matter in controversy, is a jurisdictional fact, which cannot be left in doubt, as it must be where petition and answer contradict each other.

2. SAME—REMOVAL BY ONE DEFENDANT—PARTIES JOINED IN EJECTMENT—DISCLAIMER.

Where a person found in possession of part of the property on the service of a summons in ejectment was thereupon brought in as a defendant, and served as provided by the Pennsylvania statute, he becomes a party for all purposes, and, if a citizen of the same state as plaintiff, the cause is not removable by the original defendant unless a separable controversy is shown; nor is the filing of a disclaimer by such person in the federal court sufficient to sustain the removal, the question of his possession and consequent liability for costs and mesne profits remaining, which the federal court is not competent to try.

On Motion to Remand to State Court.

W. D. B. Ainey, for motion.
Charles H. Welles, opposed.

ARCHBALD, District Judge. This is an action of ejectment for three lots of land in the village of Dundaff, brought in the common pleas of Susquehanna county by T. J. Davies against

Helen E. Wells, and removed by the latter into this court on the ground of diverse citizenship. A motion is made by the plaintiff to remand the case: (1) Because the amount in controversy is not sufficient to give the court jurisdiction; and (2) because, as the case stood when the removal was made, there were two defendants of record, one of whom was a citizen of Pennsylvania, and it was not alleged or shown that there was a separable controversy as to the removing party.

The value of the land is declared in the petition for removal to exceed $2,000, and, if there were nothing to call this in question, it would sufficiently establish the jurisdictional amount. It is argued that the controversy is not necessarily fixed by the value of the land, it being possible that only a fractional interest is involved, or that the action proceeds for the enforcement of purchase money or some other equity. But the plaintiff avers that he is the owner of the land, the title being in him, and not in the defendant; by which is to be understood the whole title, and not a part of it, which effectually disposes of any such contention. But the value put upon the property by the defendant is not conclusive, and, having been traversed by the plaintiff, who swears that it does not exceed $1,500, it should have been established by the defendant by proof. 18 Encycl. Plead. & Pract. 374; Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992; Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682. This is a jurisdictional fact, which cannot be left in doubt, as it must be where, as here, we have nothing more than the petition and answer, the one contradicting the other. I should not remand the case, however, on this ground without giving the defendant opportunity to supply the required proof, if there were not also another reason for doing so, which it does not seem possible to overcome. Upon proceeding to serve the writ of ejectment, the plaintiff found one Mary J. Edwards in possession of one of the three lots, and thereupon added her name as a defendant, and served her, in compliance with the provisions of the Pennsylvania statute. Act July 9, 1901, § 1, subd. 10, cl. "a" (P. L. 617). This brought her upon the record as a party as effectually as if originally made so, and the case could not thereafter be proceeded with in any particular without reckoning with her. As, then, she is a citizen of Pennsylvania, unless the controversy with her is distinct and separable from that with Mrs. Wells the case is not removable. The return of the sheriff is to be taken as prima facie evidence that Mrs. Edwards is in possession as he states, although she denies it; and, if that be so, aside from the requirements of the statute, she cannot be regarded as a mere formal party, with no direct interest; a judgment in favor of the plaintiff, if she were not brought in, not entitling him to possession of that part of the property if she saw fit to resist.

Reliance is placed, however, on the fact that Mrs. Edwards has filed a disclaimer. But this does not necessarily eliminate her as a party, nor establish a separable or removable controversy as to Mrs. Wells (18 Encycl. Plead. & Pract. 217), whatever might be the case if Mrs. Edwards were shown to be a mere tenant (Mitchell

v. Smale, 140 U. S. 406, 11 Sup. Ct. 819, 35 L. Ed. 442). To produce any such result, it should at least have been filed in the common pleas while the case was there (although I am not prepared to say that even then, of itself, it would have done so), the right to a removal being determined by the state of the record at the time the removal is asked for. 18 Encycl. Plead. & Pract. 229. The only effect of it here and now is to narrow the issue, as to the disclaimant, to the question of possession and consequent liability for costs and mesne profits (Bratton v. Mitchell, 5 Watts, 70; Ziegler v. Fisher, 3 Pa. 365), which, having regard to the citizenship of the parties, this court is not competent to try.

The motion is allowed, and the case remanded.