618

## NIXON v. TOWN TAXI, Inc.
### No. 4150.

District Court, D. Massachusetts.
March 20, 1930.

Friedman, Atherton, King & Turner, Richard S. Teeling and Thomas F. Quinn, all of Boston, Mass., for plaintiff.

Waldron H. Rand, Jr., of Boston, Mass., for Atlantic National Bank, trustee.

MORTON, District Judge.

At the conclusion of the plaintiff's case, the defendant moved to dismiss on the ground that it was evident that the necessary jurisdictional amount—$3,000 exclusive of interest and costs—was not in controversy. By agreement of parties, decision on the motion was postponed until after verdict.

It is settled that an apparent claim on the face of the papers to an amount in excess of the jurisdictional requirement is not conclusive. The claim must be based on "a reasonable expectation" of recovering the required amount. Whether it is of that character is a question of fact which may be submitted to a jury or decided by the judge. Wetmore v. Rymer, 169 U. S. 115 at page 121, 18 S. Ct. 293, 42 L. Ed. 682. See, too, Barry v. Edmunds, 116 U. S. at pages 560 and 561, 6 S. Ct. 501, 29 L. Ed. 729; Williams v. Nottawa, 104 U. S. 209, 26 L. Ed. 719; Simon v. House (C. C. Tex. 1891) 46 F. 317; Wilderman v. Roth, 17 F.(2d) 486 (C. C. A. 3d); Maxwell v. Atchison, T. & S. F. R. Co. (C. C. Mich. 1888) 34 F. 286, 290; Davies v. Wells (C. C.) 134 F. 139.

In the present case there could have been no such reasonable hope or expectation; and on all the evidence I find that there was not. The hospital and doctor's bills amounted to about $1,000. The other damages recoverable by this plaintiff could not possibly have carried the amount to the necessary figure on any reasonable assessment. Barry v. Edmunds, supra at page 565 of 116 U. S., 6 S. Ct. 501, 29 L. Ed. 729. See N. Y. Transportation Company v. Garside (C. C. A.) 157 F. 521, 527, on damages. The present case, being incidental to that of the wife, was undoubtedly brought in this court in order to dispose of both claims in a single trial. The practical advantage in doing so is obvious; but it is not sufficient to confer jurisdiction. The plaintiff's action was, in legal effect, colorable.

It is not improbable that the verdict in the wife's case was affected to some extent by the verdict returned in the husband's. If the matter were one of discretion, I should be inclined to treat the two actions as one, as in effect they are, and to let this case and the verdict in it stand. Unfortunately for the plaintiff, being a question of jurisdiction, it is not a matter of discretion at all. Wilderman v. Roth (D. C. Pa. 1925) 9 F. (2d) 637, affirmed (C. C. A. 1927) 17 F.(2d) 486; Williams v. Nottawa, supra; Barry v. Edmunds, supra at page 559, of 116 U. S., 6 S. Ct. 501, 29 L. Ed. 729.

The motion must be allowed, and the case dismissed for lack of jurisdiction.