**TURMINE v. WEST JERSEY & SEASHORE R. CO.**

**RONONO v. SAME.**

No. 14072.

District Court, E. D. Pennsylvania.

Oct. 28, 1930.

Robert M. Bernstein, of Philadelphia, Pa., for plaintiffs in error.

Barnes, Biddle & Myers, of Philadelphia, Pa., for defendant in error.

KIRKPATRICK, District Judge.

These two separate actions were tried together by agreement of the parties. The original suits were brought in the court of common pleas of Philadelphia County, Pa., and in each case the statement of claim alleged that the plaintiff, a passenger on one of the defendant's trains, had been injured by the breaking of a seat in which he was seating himself. Damages were claimed in each case in the amount of $5,000. The cases were removed by the defendant to this court.

In the course of his opening address to the jury, and partly in response to questions by the court, the plaintiffs' attorney stated that, as a result of the injuries, Turmine was unable to work for two weeks, and visited his doctor seven times, and that Ronono was away from work for three weeks, and also saw his doctor seven times. Turmine's wages were $55 a week, and Ronono's earnings av-

eraged between $60 and $75 a week. The injuries were not permanent, and, except for "minor discomfort," both plaintiffs had entirely recovered and returned to work within three weeks after the accident.

The court, being satisfied that in neither case was a recovery of the jurisdictional amount legally possible, of its own motion remanded the cases. The defendant has filed a petition praying that the order of remand be vacated.

If the suit was not rightfully in the federal court, it was the court's positive duty to order a remand. Barth v. Coler (C. C. A.) 60 F. 466. " * * * The question of jurisdiction is one which the court is bound to ask and answer for itself, whether suggested or not, and without respect to the relation of the parties." Pacific Telephone & Telegraph Co. v. Agnew (D. C.) 2 F. (2d) 155, 157.

Section 37 of the Judicial Code (U. S. Code, title 28, § 80 [28 USCA § 80]) provides in part that, "if in any suit : ~ * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall * * * remand it to the court from which it was removed."

Language can scarcely be plainer than this. If there is any doubt that the statute applies to the cases now being considered, it probably arises from a misunderstanding of general expressions in a number of opinions relating to the jurisdiction of the federal courts.

First, there are a number of decisions which appear to hold generally that, where the claim is unliquidated, the amount of damages claimed by the plaintiff is the sole test of federal jurisdiction, so far as concerns courts of first instance. Without reviewing these cases at length, they will be found to fall into three general classes: (a) Cases in which the question of remand comes up upon the pleadings only. (b) Cases in which there has been a recovery by verdict or otherwise for less than the jurisdictional amount. An example of this class is O. J. Lewis Mercantile Company v. Klepner (C. C. A.) 176 F. 343. (c) Cases in which title or damage to property is involved and the plaintiff's evidence fails to show that the value of the property or the damage to it is in the jurisdictional amount.

A case of this kind is Lord v. De Witt (C. C.) 116 F. 713.

None of these decisions rule the cases under consideration. The damages claimed by the pleadings always govern, provided the amount is claimed in good faith. The question in every case is whether, at the time of the removal, the suit really and substantially involved a controversy within the jurisdiction of the court. If the claim is made without the slightest possibility or hope that it can be established to the amount averred, it is not made in good faith, and the jurisdictional amount is not really and substantially involved. This is just as true of cases originally brought in the state court and removed as of those brought in the federal court in the first instance, though in the former the element of fraudulent exaggeration or collusion for the purpose of conferring jurisdiction upon the federal court is, of course, lacking.

The decisions referred to go no further than to hold (a) that the question of good faith cannot be determined from an inspection of the statement of claim, Barry v. Edmunds, 116 U. S. 550, 6 S. Ct. 501, 29 L. Ed. 729; (b) that the bare fact that the recovery is less than the jurisdictional amount does not establish conclusively that the claim was not in good faith or without a reasonable hope of recovering the amount claimed; (c) that, in the absence of a definite showing that the claim was not made in good faith, the mere fact that the plaintiff has failed to establish it does not require a remand.

Second, there are also decisions (relied upon by the defendant here) to the effect that once federal jurisdiction has attached it will not be lost by a change in conditions. Kirby v. American Soda Fountain Company, 194 U. S. 141, 24 S. Ct. 619, 48 L. Ed. 911. These cases all involve situations in which federal jurisdiction has actually attached. The question here is whether the basis of federal jurisdiction has ever existed.

There is ample authority for the remand ordered in these cases.

In Hilton v. Dickinson, 108 U. S. 165, 2 S. Ct. 424, 430, 27 L. Ed. 688, the court said: "It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction, but it is equally true that when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail."

In Home Life Insurance Company v.

Sipp, 11 F.(2d) 474, 476 (C. C. A. 3d) the court said: "The jurisdictional amount is determined, according to familiar law, not by what later is actually recovered but by what first is demanded and what the pleadings and proofs show as sustaining the good faith and validity of the demand."

"The court ought not to have its hands tied, and be required to hear and determine controversies over which the constitution gives it no jurisdiction, simply because one party has made false allegations of citizenship, and the other has failed purposely or otherwise to plead the facts within its own knowledge to show the want of jurisdiction. * * * The cases of Williams v. Nottawa, 104 U. S. 209 [26 L. Ed. 719], and Farmington v. Pillsbury, 114 U. S. 138, S. C., 5 S. Ct. 807 [29 L. Ed. 114], arising under this section, were both cases where parties had been collusively made or joined; but the language and decisions of the court cover every case where it appears to the satisfaction of the court that it is one where it has no jurisdiction, and, in my judgment, should rule the case at bar." Hartog v. Memory (C. C.) 23 F. 835, 836.

"Suppose an action were brought for a manifestly trivial injury, such as a bruise or a sprained ankle, and the court can see that by no possibility could a verdict for $2,000 be sustained,—I know of no reason why it should not refuse cognizance of the case, and remit the parties to their proper forum. Indeed, it seems to me that wherever it appears clear from the plaintiff's own statement, or the testimony of his witnesses, that a verdict of $2,000 would be so grossly excessive as to require the court in the exercise of its judicial discretion to set it aside, and direct a new trial, it is equally its duty to dismiss the case for want of jurisdiction." Maxwell v. Atchison, T. & S. F. R. Co. (C. C.) 34 F. 286, 290.

A case substantially on all fours with the two now under consideration is Burmon & Bolonsky, Inc., v. Luckenbach S. S. Co. (D. C.) 39 F.(2d) 619. That was a case removed from the state court, the ad damnum being $5,000. However, the court found from a letter written by the plaintiffs and offered in evidence that, when suit was entered in the state court, the plaintiffs not only had no reasonable expectation to recover more than $3,000, but, in fact, was making no actual claim at that time to more than $2,445. The case was remanded, the court saying: "The case is distinguishable from those in which the federal court had jurisdiction at the time of removal and was held not to have lost it because of a subsequent change in the facts or pleadings."

In Nixon v. Town Taxi, Inc. (D. C.) 39 F.(2d) 618, and in Wilderman v. Roth (D. C.) 9 F.(2d) 637, the court dismissed the actions because, although the statement of claim or declaration claimed damages in excess of $5,000, the proof showed that the plaintiff could not have had any reasonable expectation that he could recover the jurisdictional amount. Neither of these were removed cases, but the language of the act of Congress expressly applies to removed cases as well as those originally brought in the federal court. See, also, New York Life Insurance Company v. Johnson (C. C. A.) 255 F. 958, and cases there cited.

Where the damages are unliquidated, of course, the duty to remand arises only in cases where it appears clearly and beyond all question that a recovery of the jurisdictional amount is a legal impossibility. In neither of the cases at hand could the plaintiff or his attorney have expected or even hoped to recover more than a few hundred dollars. A verdict for more than that would have been promptly set aside as excessive. It was the clear duty of the court to remand the cases.

The petition to vacate the order of remand is denied.