## BANIGAN *v.* CITY OF WORCESTER.

*(Circuit Court, D. Massachusetts. March 16, 1887.)*

1. REMOVAL OF CAUSES—CITIZENSHIP—"SUIT OF A CIVIL NATURE"—DIVERSION OF WATER FROM MILL—ASSESSMENT OF DAMAGES.
    A proceeding in a Massachusetts court, under St. Mass. 1881, c. 268, for the appointment of commissioners, and the assessment of damages suffered by complainants, mill-owners in Rhode Island, by reason of the diversion of the water of a stream in Massachusetts by the defendant, is removable to the federal court on the ground of diverse citizenship of the parties. Such a proceeding is a "suit of a civil nature either at law or in equity," within the statutes as to removal of causes.

2. SAME—SPECIAL STATUTORY PROCEEDING—REMAND.
    Where a cause has been removed from a state court to the circuit court on the ground of citizenship, it will not be remanded because founded upon a special statutory procedure authorized by a statute of the state, if the circuit court has equal power with the state court to follow the procedure prescribed by the state law. *Midland Ry. Co.* v. *Jones*, 29 Fed. Rep. 193, approved.

3. SAME—PETITION—AMOUNT.
    Where a cause is removed from a state court to the federal court, jurisdiction sufficiently appears in the record if the amount in dispute is stated in the petition for removal, although it be not stated in the original petition in the cause.

4. SAME—CITIZENSHIP OF REAL OWNER—TRUSTEE.
    Where a removal of a cause involving the ownership of land is sought on the ground of diverse citizenship of the parties, in determining the question of jurisdiction the court is to look at the citizenship of the real owners, and not to that of a party who is a trustee only.

5. WATERS AND WATER-COURSES—MILLS—EASEMENT IN STREAM OUTSIDE STATE.
The owner of land in an adjoining state may have, as appurtenant to such land, an interest in land or water in Massachusetts, which may be protected by suit in the courts of that state. *Manville* v. *City of Worcester*, 138 Mass. 89, followed.

In Equity.
*W. S. B. Hopkins* and *Wm. G. Russell*, for plaintiff.
*F. P. Goulding*, for defendant.

CARPENTER, J. In this case, and also in several other somewhat similar cases against the same defendant, motion is made to remand to the superior court for the county of Worcester, and a demurrer is also filed to the petition, which is the first step in the litigations. The cases have been heard together, and it will be convenient that I should state, in deciding this case, the conclusions which I have reached on all the points which have been argued.

The plaintiffs are citizens of Rhode Island, and owners of mill property on the banks of the Blackstone river, in that state. The defendant, in pursuance of St. Mass. 1881, *c.* 268, has taken for its water supply Tatnuck brook, which is in Massachusetts, and is a tributary of the Blackstone river; and the plaintiffs, pursuant to the statute, filed their petitions in the superior court, praying for the appointment of commissioners, and the assessment of the damage suffered by them in consequence of the diversion of the water of the brook. The plaintiffs have filed their petitions and bonds, and have removed the cases to this court.

The defendant contends that the proceeding by petition and assessment of damages by commissioners, with a provision for an assessment by a jury in certain cases, is not a "suit of a civil nature, either at law or in equity," within the meaning of the acts providing for the removal of causes, because the plaintiff is to proceed, not by the usual forms of an action or suit, but according to a special procedure appointed by the Massachusetts statute. I am of opinion, however, that it is the duty of this court to entertain the suit, and to ascertain and enforce the rights of the plaintiffs by the proceeding which the state law prescribes, whether it be by the usual process of law actions, or by a special process prescribed for the occasion. The defendant argues that the appointment of commissioners properly belongs to the state court, and that a controversy removable to the federal court does not arise in these cases, unless there should be an appeal to a jury after the award of the commissioners comes in. But I see no reason why this court cannot administer relief by the appointment of commissioners, as well as by trying the question of damages with a jury. If it appeared that the appointment of commissioners by this court is impracticable or incongruous, then, indeed, it would be inferred that the proceeding is not such a proceeding as was intended to be removable to this court. We so held on an application to adopt in this court the state practice of the appointment of auditors in actions other than actions of account. In that case it appeared that the statute of Massachusetts, which established the practice of appointing an

auditor, provided that the compensation of the auditor should be paid by the county; and, as we have no power to make a similar or analogous provision for the payment of the auditor, we concluded that we had no power to adopt the procedure as part of the practice of this court. But in this case the defendant suggests no reason why we cannot fully and effectually carry out the provisions for the appointment of the commissioners. The question is fully discussed by Judge BREWER, in *Colorado Midland Ry. Co.* v. *Jones*, 29 Fed. Rep. 193; and in that opinion I fully concur.

· The defendant also contends that jurisdiction does not appear by the record, because the amount in dispute is not stated in the original petition. It is stated, however, in the petition for removal to this court, and I am of opinion that the allegation in that petition is sufficient. *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 199; *Briges* v. *Sperry*, 95 . U. S. 401.

On the demurrer the defendant alleges that the petitions show no case for relief under the statute. The argument is that since the lands of the petitioners are in Rhode Island, and their rights in the water of Tatnuck brook are appurtenant to those lands, the petitioners cannot claim a remedy under this statute unless it be held to have extraterritorial effect, which, of course, is inadmissible. I cannot agree with this argument. It has been held by the supreme court of Massachusetts that the owner of land in an adjoining state may have, as appurtenant to such land, an interest in land or water in Massachusetts, which may be protected by suit in the courts of that state. *Manville Co.* v. *City of Worcester*, 138 Mass. 89. I am strongly inclined to the opinion that the decision in that case is of binding force on this court in the case at bar; and, even if it be not so, I am inclined to follow that case as being of high authority, and well supported by the reasoning of the opinion.

· In the case of Banigan, a further question arises. The petitioner, it appears by the pleadings, holds the legal title to the land in trust for himself and another person, who is not alleged to be a citizen of any state other than Massachusetts; and the defendant contends that, in determining the question of jurisdiction, the court is to look at the citizenship of the real owners, and not to that of the trustee alone. I think the defendant is right. In *Barney* v. *Baltimore City*, 6 Wall. 280, it was held that where a conveyance of the subject-matter of the controversy had been made for the purpose of vesting an interest in parties competent to litigate in the federal courts, but the real ownership in the property remained in the assignor, the court had no jurisdiction. The ground of this decision is that the person who is the owner of the property is the real party in the suit. The purposes and intentions of the parties are evidently not held to be material, since the court quotes with approval the decision in *McDonald* v. *Smalley*, 1 Pet. 620, to the effect that the court will take jurisdiction where the interest of the assignor has been really conveyed, although with the avowed purpose of enabling the assignee to maintain suit in the federal court. To the same effect are *Greenwalt* v. *Tucker*, 10 Fed. Rep. 884; *Fountain* v. *Town of Angelica*, 12

Fed. Rep. 8. In this case it does not appear for what purpose the legal title was caused to vest in Mr. Banigan, but it does appear that the real ownership is jointly in him and another person, who, for all that appears in the record, may be a citizen of Massachusetts. This case, therefore, should be remanded; and in the other cases the motions to remand will be denied, and the demurrers will be overruled.