MAYOR, ETC., OF BALTIMORE v. POSTAL TEL. CABLE CO.

(Circuit Court, D. Maryland.    February 23, 1894.)

1. REMOVAL—JURISDICTION—AMOUNT IN CONTROVERSY.

An action was brought by a city in a state court to recover a tax of $2 for each of 509 telegraph poles maintained in the streets, but the declaration concluded: "And plaintiff claims $10,000." *Held*, that the actual amount in dispute was but the amount of the tax, $1,018, and a circuit court could not take jurisdiction by removal.

2. SAME.

Defendant could not maintain that the real matter in dispute was its right to keep its poles in the streets without paying the tax and without being liable to the fine of $10 per pole for nonpayment, imposed by the city ordinance, and the penalty of having its poles removed; for in an

action at law to recover money, the amount in controversy is determined by the particular demand sued for, and not by any contingent loss through the indirect or probative effect of the judgment, however certain such loss may be.

This was an action by the mayor, etc., of Baltimore, against the Postal Telegraph Cable Company to recover a tax of two dollars on each pole maintained by defendant in the city streets. The action was brought in a court of the state of Maryland, and removed therefrom by defendant. Plaintiff moved to remand.

William S. Bryan, Jr., for plaintiff.

N. R. Preston and Geo. H. Bates, for defendant.

MORRIS, District Judge. This case was originally brought in the court of common pleas of Baltimore city, and was removed upon the petition of the nonresident defendant. The plaintiff now moves to remand the case upon the ground that the matter in dispute does not exceed, exclusive of interest and costs, the sum or value of $2,000, which, by the act of congress of August 13, 1888, is the sum required to give jurisdiction to this court, and to give the right of removal. The declaration contains but one count, and that is for the recovery of the tax of $2 for each of 509 telegraph poles alleged to be maintained by the defendant in the streets of the city of Baltimore. The declaration concludes as follows: "And the plaintiff claims ten thousand dollars." The amount alleged to be due and unpaid by the single count of the declaration is the tax of $2 on each of 509 telegraph poles, and there was filed with the declaration an account in which the only item is as follows:

Baltimore, Nov. 10, 1893.

The Postal Telegraph Cable Co., to the Mayor and City Council of Baltimore, Dr.

To license fee on 509 poles, at $2 per pole..........................$1,018
    Interest from June 15th, 1893.

To this account the mayor makes oath "that there is justly due and owing by the Postal Telegraph Cable Company, the defendant in said case, to the plaintiff, on the annexed account (the cause of action in said cause), the sum of $1,018, over and above all discounts." If the defendant had suffered judgment to go against it by default, the whole amount for which judgment could have been entered would have been $1,018, with interest and costs. It is true that, in actions of tort, it is the damages claimed which determine the amount in dispute, but, in an action to recover a specific sum of money, the court examines the body of the declaration, and the cause of action set out, to determine what is the real sum in dispute. Hilton v. Dickinson, 108 U. S. 174, 2 Sup. Ct. 424; Lee v. Watson, 1 Wall. 337. In this case the declaration and the sworn account disclose that the real matter in dispute is $1,018, and not the sum demanded in the formal claim of damages.

It is urged, however, that the real matter in dispute, so far as it affects the defendant, is its right to maintain its poles, as now erected in the streets of the city, without paying the annual tax of $2 for each, and without being liable to a fine of $10 for each pole,

imposed by the ordinance for nonpayment, and without being subject to the penalty of having its poles removed, in default of payment, and because the right to recover in this suit depends upon the validity of the ordinance, and, if its validity is sustained in this suit, the consequence to the defendant will be that it will have to pay a large annual tax, or submit to have its poles and its business destroyed.

It is true that where a bill in equity is filed to abate a nuisance, or to set aside a deed, or for a decree giving other mandatory or preventive relief, it is the value of the property of which the defendant may be deprived by the decree sought which is the test of jurisdiction, and not the claim of the complainant. Railroad Co. v. Ward, 2 Black, 485; Market Co. v. Hoffman, 101 U. S. 112; Estes v. Gunter, 121 U. S. 183, 7 Sup. Ct. 854. But it has been uniformly held in actions at law, where the plaintiff's claim is for money, that the amount in controversy is determined by that particular demand which the plaintiff sues for, and not by any contingent loss which either party may sustain through the indirect or probative effect of the judgment, however certain it may be that such loss will occur. Security Co. v. Gay, 145 U. S. 123, 12 Sup. Ct. 815; Elgin v. Marshall, 106 U. S. 578, 1 Sup. Ct. 484; Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066; Clay Center v. Farmers' Loan & Trust Co., 145 U. S. 225, 12 Sup. Ct. 817; Washington & G. R. Co. v. District of Columbia, 146 U. S. 227, 13 Sup. Ct. 64. It seems to me clear, upon authority, that this suit must be remanded.