## LORD v. DE WITT.

(Circuit Court, S. D. New York. May 17, 1902.)

1. REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—PETITION.

Where, in an action for injunction to restrain the excavation of defendant's lot for a building, the petition on which the cause was removed from a state court alleges that matter in dispute exceeds, exclusive of interest and costs, the value of $2,000, and there is no direct averment in the pleadings, as to the value or means, by which the court can determine that it is less than $2,000, a motion to remand on the ground of insufficient value in controversy should be denied.

2. INJUNCTION—BUILDING—NOISE AND JAR—SICK NEIGHBOR.

Where it is necessary for defendant, in erecting a house on his lot, to drill and blast in a stratum of solid rock in the lot, and such work, so far as done, has been done in a careful manner, and without damage to other property, the prosecution of such work cannot be enjoined because plaintiff, occupying a house on an adjoining lot, is, by reason of disease and an operation, in such a feeble condition, and so sensitive to any noise or jar, that his life may be endangered by such blasting.

Henry G. Ward, for the motion.

De Lancey Nicoll, opposed.

LACOMBE, Circuit Judge. Upon the affidavits, it appears to be established by a fair preponderance of proof that the defendant is a citizen of Illinois, and a resident of that state, and, as such, entitled to remove the cause. There is nothing in the pleadings, by direct averment, as to the amount or value of the matter in dispute. The petition expressly alleges that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and the facts, so far as disclosed, do not negative this assertion. The court has no way of determining that on April 19, 1902 (the day suit was commenced), the difference between the value of defendant's real estate, unaffected by any claim of the plaintiff, and the same so affected by the claim plaintiff seeks to maintain,—that the land could not be excavated in the usual way for building purposes for an indefinite period,—was less than $2,000. The motion to remand is denied.

It is not disputed that defendant owns in fee simple absolute the lot in question, which is situated between two occupied dwellings, one leased by plaintiff; that a stratum of solid rock runs through all three lots; that it is necessary for defendant, in order to secure proper foundation for the house he is about to build, to excavate into this rock; that the house he is about to build is not abnormal in size, or not such as the owners of adjoining lots might expect to see built next to them; that, in order to excavate defendant's lot, it is necessary to drill and blast; that all drilling and blasting, so far done by him, has been most carefully done, the charges used being extremely light, and very much less than what is allowed by city ordinance; that, by reason of the location and character of the

¶ 1. Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36 C. C. A. 459.

rock, any blast, however slight, on defendant's lot, causes jarring in the plaintiff's residence. It does not appear that such jarring is serious in its character, that it produces any structural injury to the building plaintiff occupies, or that it is of such a character as seriously to inconvenience any occupants thereof who are in normal condition of health, or, indeed, that it would ordinarily be injurious to a person not in health. The plaintiff's contention is that he is suffering from a disease and an operation, which have left him in such an exceedingly enfeebled condition that his heart has become very weak, and himself extremely sensitive to any shake or jar; that, in the opinion of his physicians, a jar such as might be occasioned by the slightest possible blast on defendant's lot might cause his death; wherefore he contends that defendant should be enjoined from using his property in the usual way, by excavating for a building, until plaintiff dies, or recovers sufficiently to move away. This is a startling proposition, and one which finds no support in the authorities. Equity is sometimes said to act upon the conscience of the individual, but that phrase does not mean that it will enforce the golden rule in favor of one individual, against another, when there is no legal right, cognizable in the civil courts, upon which its action can be predicated. The relief such as is prayed for in the case at bar can only be granted when the facts proved indicate that the defendant has permitted, or is threatening to permit, a private nuisance on his land. Undoubtedly, the reasonable use of one's own property depends on the circumstances of each case; what would be permissible in a sparsely peopled locality might be unlawful elsewhere. When, however, the question is whether certain acts which do not injure his property are or are not a nuisance to one's neighbor, that question must be determined, not by inquiry how some one particular person who may chance to be the neighbor would be individually affected, but what would be the effect of the same acts on the ordinary average person. Rogers v. Elliott, 146 Mass. 349, 15 N. E. 768, 4 Am. St. Rep. 316. There is nothing in the record to show that defendant's contemplated action would seriously affect any one occupying the adjoining house unless he was in the extraordinary physical condition of the plaintiff, of whom the physicians assert that any loud or unusual noise, and any shaking or jarring of the building in which he is confined, would so affect his nervous system, and the action of his heart, as to be a menace to his life,—a condition which has now continued for two months. The court has been able to find no authority for the proposition that the owner of real estate must desist from the usual and ordinary methods of its improvement, because his neighbor may happen to be thus afflicted, on any theory that to continue the excavation would be a private nuisance subject to the control of the courts. However shocking it may sound to assert that A. is going to take such and such action, the result of which will be to kill B., a court of equity cannot interpose to prevent his doing so merely because such conduct would shock the conscience. Plaintiff has mistaken his forum. The only real basis for his contention is common humanity, and to defendant's humanity, not to legal tribunals, his appeal, or

rather the appeal of those who have brought this suit for him, should be made. If the appeal be coupled with an offer to make defendant whole for what he may lose by reason of not being able to carry out his contracts with excavator and builder, and be accompanied with satisfactory evidence that plaintiff's life would be imperiled as is here asserted, it is reasonable to suppose that the appeal to defendant's common humanity would receive proper consideration. He waited three weeks, in response to such an appeal, before this suit was brought.

The motion is denied, and stay vacated.