BARATARIA CANNING CO. v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit.    January 30, 1906.)

No. 1,466.

REMOVAL OF CAUSES—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Ann. Code Miss. § 4287, defines what shall amount to railroad extortion, and section 4288 declares that the party injured may recover of the person or corporation guilty of extortion twice the amount of damages sustained by the overcharge or discrimination, as the case may be. *Held* that, where a declaration against a railroad company for extortion minutely alleged the overcharges claimed, which amounted to $837.18, and the amount of the recovery on that account was alleged to be $1,674.36, the amount in controversy was not sufficient to justify a removal of the cause to the federal court, though the declaration also alleged that, by the railroad company's failure to pay the damages alleged, plaintiff had been damaged in the sum of $2,500.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 130, 131.

Jurisdiction of Circuit Courts, as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

This action was begun in one of the state courts of Mississippi. The declaration, after stating the venue and the term of the court in which it was brought, proceeds thus: "The Barataria Canning Company, plaintiff in this suit, by attorney, complains of the Louisville & Nashville Railroad Company, defendants, in action of debt: For that, whereas, heretofore, to wit, on and before the 1st day of January, 1900, it was operating and using a railroad known as the Louisville & Nashville Railroad, running through the state of Mississippi from the state line of Alabama through Biloxi, Harrison county, Miss., to the city of New Orleans, La., and having a connection and an interest in the lines of other railroads in different parts of the United States, for the purpose of carrying persons and property for hire and being then and there a public highway and common carrier for all persons for the transportation of themselves and their property, and for passengers, freight and cars, on the payment of a reasonable compensation to the railroad for such transportation. And, whereas, the Louisville & Nashville Railroad, or persons managing such railroad, did demand and receive more for the services rendered in the transportation of such freight than was allowed by the tariff of rates as fixed by said railroad company, or by the persons in control, with its approval, is guilty of extortion in the manner hereinafter stated [then follow 36 specifications, after which the declaration proceeds]. And said plaintiff further avers that said defendant railroad company did then and there, as above stated, being a common carrier, receive from said plaintiff the sums of money above stated, amounting in the aggregate to the sum of $837.18 above the sum agreed upon by them for such transportation, contrary to statute made and provided, thereby becoming liable and indebted to the plaintiff in the sum of $1,674.36, being the penalty and amount of overcharging to be paid by the defendant railroad company to said plaintiff

143 F.—8

whenever requested so to do. And, whereas, the said defendant railroad company, between the 1st day of May, 1900, and the 1st day of June, 1903, had received certain other sums of money, to wit, the sum of $837.18, to and for the use of said plaintiff, to be paid by said defendant railroad company to said plaintiff, when he, the said defendant, should be requested so to do, has not as yet paid the said plaintiff the said sum of $1,674.36, statutory damages above demanded, or any part thereof, but the said defendant railroad company has hitherto refused to do this, and still doth refuse, to the damage of the plaintiff in the sum of $2,500: Wherefore, he brings this suit."

The defendant applied to the state court for removal of the case into the Circuit Court. The petition, as far as material, is in these words: "Your petitioner, the Louisville & Nashville Railroad Company, shows to the honorable court that it is the defendant in the above-entitled cause, and that the matter and amount in this cause exceeds the sum of $2,000.00, exclusive of interest and costs. That the controversy herein is between citizens of different states. That all the plaintiff, the Barataria Canning Company, was at the time of the commencement of this suit, has continued to be and still is a citizen of the state of Mississippi, and that your petitioner, the Louisville & Nashville Railroad Company, was at the time of the commencement of this suit, and still is a citizen of the state of Kentucky; it being a corporation created and organized under the laws of Kentucky, and having its principal place of business therein."

In the Circuit Court the plaintiff moved to remand the case for want of jurisdiction. That motion was overruled, the case proceeded to trial and resulted in a verdict and judgment in favor of the defendant. The plaintiff brought the case here by writ of error, and now assigns that the court erred in overruling the plaintiff's motion to remand this case to the Circuit Court of Harrison county, Miss., where it was originally brought.

D. W. Harper and A. Y. Harper, for plaintiff in error.

Gregory L. Smith, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge, after stating the case as above, announced the decision of the court.

The record in this case fails to disclose such diverse citizenship as to confer jurisdiction on the Circuit Court. Knight et al. v. Lutcher & Moore Lumber Company, et al. (C. C. A.) 136 Fed. 404. The amount of the extortion claimed in the declaration is minutely and carefully summed up, showing the aggregate to be $837.18. The suit is for this amount and for the penalty provided by the statute of Mississippi. Section 4287 of the Annotated Code of Mississippi defines what shall be extortion, as applicable to this case, and the following section (4288) says: "The party injured may recover of the person or corporation guilty of extortion twice the amount of damages sustained by the overcharge or discrimination, as the case may be"—and the declaration clearly states the amount of the recovery it seeks on this account, namely, $1,674.36. We think this minute and full and accurate statement of the damages pleaded cannot be affected by the concluding language of the declaration to the effect that the railroad company has refused payment thereof to the damage of the plaintiff in the sum of $2,500. City of Baltimore v. Postal Telegraph Company (C. C.) 62 Fed. 500. In the case just cited it appears that an action was brought by the city in the state court to recover a tax of $2 for each of 509 telegraph poles maintained in the street, but the declaration concluded: "And plaintiff claims $10,000." Held, that the actual amount in

dispute was the amount of taxes, $1,018, and the Circuit Court could not take jurisdiction by removal.

The judgment of the Circuit Court is reversed, with costs against the defendant in error and the case is remanded to the Circuit Court with instructions to proceed according to law and in conformity to the opinion of this court in this case and in the case of Knight et al. v. Lutcher & Moore Lumber Company et al., supra.