SOUTHERN CASH REGISTER CO. v. NATIONAL CASH REGISTER CO.

(Circuit Court, N. D. Georgia, W. D.   February 1, 1906.)

No. 63.

REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—AVERMENT IN PETITION.

Where plaintiff's pleading in a state court contained a number of counts or paragraphs, each claiming damages for alleged wrongful acts of defendant in the sum of $1,900, and also a prayer for an injunction to restrain a continuance of such acts, an allegation in a petition for removal that the amount in controversy exceeds $2,000 must be accepted as true, even of the prayers for damages be construed as claiming only $1,900 in all; there being nothing in the pleading showing the value of the matter involved in the controversy with respect to the injunctive relief sought.

[Ed. Note.—Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

On Motion to Remand to State Court.

Crawford & Ricketson, for plaintiff.

Felder & Rountree and E. D. Thomas, for defendant.

NEWMAN, District Judge.   This is a suit by the Southern Cash Register Company, which is engaged in selling the Hallwood Cash Registers, against the National Cash Register Company. The petition contains a number of paragraphs, in each of which damages to the amount of $1,900 are claimed. The plaintiff claims under separate paragraphs, and, indeed, what might be called separate counts, a different character of damages. The first claim is on the ground that, after the Hallwood Cash Register Company had made certain sales in Columbus, Ga., the defendant through its agents called upon the purchasers, and by false and fraudulent representations, and by artful means and deceitful practices, etc., persuaded customers of the Hallwood Company to withdraw their orders, and this is said to be to the damage of plaintiff $1,900. Then in the next count it says that the agents of the defendant company took a Hallwood cash register machine, stripped the machine, and removed the back therefrom in the presence of customers of petitioners, and did "manage, display, and manipulate said cash register, and by fraudulently displaying said parts thereof and touching certain parts of the mechanism of said machine did then and there cause said machine to falsely report sales, and make incorrect additions and registrations," etc., and that this was to its injury and damage $1,900. The next count seems to be (although it claims $1,900) a part of the preceding count with reference to manipulating and handling one of the Hallwood machines so as to create a wrong impression on the plain-

tiff's customers. In the next count it is claimed that it is damaged $1,900 in that, as alleged, the defendant company keeps a school wherein agents are instructed in the mechanism and construction and operation of the Hallwood register, and are taught in an artful manner to so handle and display the Hallwood register that the parties to whom the agent is showing and demonstrating the machine will be led to think that the same is worthless, and to persuade such customers to withdraw and countermand orders given for a Hallwood register; and then it is alleged that by the use of false and fraudulent representations, etc., by the agents so trained, plaintiff has been damaged $1,900. There are four other counts, besides these, each of which claim $1,900 damages, substantially for false and fraudulent representations, and for fraudulent devices used against it, to the injury of their business.

It is claimed by the defendant removing the case that these amounts are cumulative; and by the plaintiff that it is only several ways of claiming the same $1,900. After setting out the various items of damages in the manners stated, or its claim for damages in different ways, whatever it may be, the plaintiff, evidently assuming that under the practice in the state courts an action for damages may be combined with a claim for equitable relief, and for an extraordinary remedy by a writ of injunction, proceeds to state: "Only under the equitable jurisdiction of this court can their rights be protected and their interest conserved." Then follows a prayer for injunction against the defendant to restrain it from displaying the Hallwood cash register, stripped of all its outer covering, etc., and from interfering with any sales of the Hallwood cash register, and from persuading and enticing customers purchasing Hallwood cash registers to withdraw their orders, and that the National Cash Register Company, its agents and servants, be enjoined from misrepresenting the construction, mechanism, reliability, durability, strength, and merit of said Hallwood register, etc. The plaintiff having under the state practice combined an action for damages with a proceeding for equitable relief and for injunction in the same suit, the jurisdictional amount of over $2,000 may be very well involved in the case. Certainly the suit claims $1,900 by way of damages, and the amount or value in controversy, so far as the equitable side of the case is concerned, does not appear in the plaintiff's petition at all.

The petition for removal stated the amount in controversy to be $3,800. Certainly, if the prayer for injunction makes any controversy at all, its value and amount would appear to be easily over $100; so that, even allowing that the amount of damages claimed is only a single amount of $1,900 stated in different ways, that, with the amount and value of the controversy as to the injunction prayed, would appear to be more than $2,000. In view of the fact that the petition for removal places the amount in controversy at $3,800, I do not see how there can be any good reason for remanding the case for lack of the jurisdictional amount, looking at the entire record as presented here.

As to the importance of the petition for removal on the question of the jurisdictional amount, see Gold Washing & Water Co. v.

Keyes, 96 U. S. 199–202, 24 L. Ed. 656; Banigan v. City of Worcester (C. C.) 30 Fed. 392; Postal Telegraph Co. v. Southern Railway Co. (C. C.) 88 Fed. 803; Lord v. De Witt (C. C.) 116 Fed. 713.

The motion to remand will be denied.