## LEVER BROS. CO. v. J. EAVENSON & SONS, Inc., et al.

District Court, S. D. New York.
July 14, 1934.

680

De Forest, Cullom & Elder, of New York City (by Neal P. Cullom and Henry W. Steingarten, both of New York City, of counsel), for plaintiff.

Charles Neave, of New York City (Cook, Nathan & Lehman, Louis M. Loeb, and Chester Rohrlich, all of New York City, of counsel), for defendants.

WOOLSEY, District Judge.

The motion to remand is granted.

I. The plaintiff contends that the case was removed after the defendant's time to answer had expired.

(A) The facts are that the action was brought by service of the summons and complaint on the defendant R. C. Williams & Co., Inc., on March 24, 1934, and on the defendant J. Eavenson & Sons, Inc., on March 26, 1934.

On April 12, 1934, the defendant J. Eavenson & Sons, Inc., in pursuance of notice given the day previous, presented to the state court its petition for removal of this action to this court on the ground that its controversy with the plaintiff was separable from the controversy of the plaintiff with the other defendant, R. C. Williams & Co., Inc.

The justice of the Supreme Court for New York county, sitting in the ex parte term, did not grant the petition or approve the bond which accompanied it until May 1, 1934, which, it will be observed, was after the time when the answer to the complaint was due from the removing defendant, J. Eavenson & Sons, Inc.

The petition was filed in this court on May 11, 1934, and on June 7, 1934, the defendants interposed in due time a joint answer to the complaint herein.

This involves an unusual situation on which I feel that I should make some observations.

(B) The statute of the United States governing the time for the removal of cases to the federal courts from the state courts is found in title 28, United States Code, § 72, 28 USCA § 72 (Judicial Code, § 29), which reads as follows: "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said district court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court."

It seems to me that it is perfectly obvious that by presenting its petition and bond on April 12, 1934, before its time to answer had expired, to the appropriate part of the Supreme Court for New York county, the removing defendant complied with the statute, and that the presentation of his petition with accompanying bond must be considered to have been a filing of the petition within the meaning of the statute just quoted, and within the time prescribed thereby.

Of course, the right of a defendant to remove a cause to the federal courts cannot be affected by the press of business facing the judge of the state court to whom its petition and bond for removal was submitted.

The success of a removal depends on the removing defendant's own diligence, and cannot be affected in any way by the delay of a judge of the state court in approving the bond and petition.

I hold, therefore, that, on due notice, the petition and bond were filed in the state court within the meaning of the statute before the time of the removing defendant to answer expired; that the period of thirty days within which the filing of a certified copy of the record in the state court is required commenced to run on May 1, 1934, when the judge of the state court approved the removal; and that record was duly filed here on May 11, 1934.

Therefore, the proceedings for removal, in what I may perhaps call their mechanical aspects, were all in accordance with the statute just quoted.

II. The plaintiff has also raised the question as to whether when, as here, the complaint itself does not show on its face that the amount involved is in excess of the jurisdictional amount required for federal subject-matter jurisdiction in diversity of citizenship cases, that fact may properly be established by allegation in the petition for removal that more than the necessary jurisdictional amount is involved.

The plaintiff contends that the court may not look further than the complaint itself on a question of this kind. There is nothing in this contention.

The jurisdictional amount was well pleaded in the petition for removal.

A motion for a remand searches the record which is before the court. This consists, here, not only of the complaint, but also of the petition for removal, the affidavit in support of the motion to remand, and affidavits replying thereto. The court may, therefore, look at this whole record in order to ascertain whether there is the necessary diversity of citizenship and whether the requisite jurisdictional amount is involved in the plaintiff's claim. Martin v. City Water Company (D. C.) 197 F. 462, 465; Studebaker v. Salina Water Works Co. (D. C.) 195 F. 164, 165; Southern Cash Register Company v. National Cash Register Company (C. C.) 143 F. 659, 660, and cases there cited; Lord v. De Witt (C. C.) 116 F. 713 (per Lacombe, J.); Banigan v. City of Worcester (C. C.) 30 F. 392, 394; Sklarsky v. Great Atlantic & Pacific Tea Company et al. (D. C.) 47 F.(2d) 662, 663.

I further find that the fact that the amount involved is more than $3,000, exclusive of interest and costs in this case, is fully shown by the affidavit of Mr. Wilkins filed in answer to the affidavit annexed to the motion to remand.

III. This case presents another somewhat unusual situation because the plaintiff is a corporation of Maine, the defendant R. C. Williams & Co., Inc., is a corporation of New York State, and the defendant J. Eavenson & Sons, Inc., is a corporation of Pennsylvania.

Consequently, assuming that the amount involved is adequate, this suit could have been brought in the first instance against both defendants in the federal court in this district which would have had subject-matter jurisdiction, as there is the necessary diversity of citizenship. Jurisdictionally, therefore, either this court or the state court is competent to deal with this cause.

That fact cannot, however, have any real bearing on the question before me, for the plaintiff has a right to choose his forum, unless the defendant has a superior right given him by the Congress in the circumstances before me.

IV. As the removal here was based on the ground that there was a cause of action between the plaintiff and the defendant J. Eavenson & Sons, Inc. separable from the controversy between the plaintiff and the defendant R. C. Williams & Company, Inc., the question which faces me is to determine whether or not the complaint in this suit alleges a joint tort.

The gist of the wrong complained of by the plaintiff in a suit for unfair competition is a tort; the deception of purchasers and the consequent diversion of the plaintiff's trade. Cf. Nims on Unfair Competition and Trademarks (3d Ed.) § 198-a, pp. 520–522.

In a tort all who participate are principals, and such principals may be sued jointly or severally. Estes v. Worthington (C. C.) 30 F. 465, 466.

On a question of a removal based on the ground of a separable controversy between the plaintiff and the removing defendant, it is often easier to find a separable controversy in contract cases than in cases such as this, involving a tort liability. Hough v. Société Electrique, etc. (D. C.) 232 F. 635, 637, is instructive on this aspect of removal proceedings.

Whether the controversy alleged against the different defendants is properly a separable controversy depends on how the plaintiff has pleaded it; but it is the court's duty, of course, to analyze the complaint and decide objectively whether a separable controversy is stated against the removing defendant irrespective of what the plaintiff's intention or

682

belief may have been in drawing his complaint. Cf. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122; Hough v. Société Electrique, etc. (D. C.) 232 F. 635, 636.

█ It seems to me that the complaint here, which I have read with great care, alleges a joint tort of the kind above described against the two defendants. Cf. Chicago, Burlington & Quincy Ry. Co. v. Willard, 220 U. S. 413, 418, 31 S. Ct. 460, 55 L. Ed. 521; Chicago, Rock Island & Pacific Ry. Co. v. Dowell, 229 U. S. 102, 111, 33 S. Ct. 684, 57 L. Ed. 1090; Hay v. May Co., 271 U. S. 318, 321, 46 S. Ct. 498, 70 L. Ed. 965; Howard Dustless Duster Company v. Carleton (D. C.) 219 F. 913, 915.

In such circumstances, a removal on the basis of a separable controversy between the plaintiff and the removing defendant cannot be sustained, although the plaintiff might well have sued the defendants separately, if so advised.

V. To point my moral, I close this opinion by mentioning again the fact that on June 7, 1934, the two defendants herein filed a joint answer by the same solicitor.

Never before in my professional experience have I happened to come across an instance wherein two separate defendants have filed a joint answer; and, although this fact has not any bearing on my decision, it seems to me to be noteworthy that, by a strange irony, it should have occurred in a cause wherein the removal to this court was based on a claim by the removing defendant that it had a controversy with the plaintiff which was separable from that between the plaintiff and the other defendant.

Settle order on notice.