## ROSS et al. v. SOUTHERN RY. CO. et al.

District Court, W. D. South Carolina.
Sept. 16, 1937.

S. M. Wolfe, of Gaffney, S. C. (Wolfe & Fort, of Gaffney, S. C.), for petitioners.

Harry De Pass, Jr., of Spartanburg, S. C. (De Pass and De Pass, of Spartanburg, S. C.), for defendant Southern Ry. Co.

Wm. Alton Crow, of Spartanburg, S. C. (Nicholls & Russell, of Spartanburg, S. C.), for defendant Spur Distributing Co., Inc.

WYCHE, District Judge.

This matter is before me on petitioners' motion to remand the cause to the court of common pleas for Cherokee county, S. C., from which it was removed at the instance of the defendant Southern Railway Company, on the ground of diversity of citizenship.

The suit is one in equity for an injunction to prevent the erection, maintenance, and operation upon the right of way of the Southern Railway Company of a general distributing plant for petroleum products, and seeks a cancellation and annulment of a lease by the Southern Railway Company to its codefendant Spur Distributing Company for the use of the property upon which to erect and operate the said petroleum distributing plant.

Diversity of citizenship is admitted, but petitioners claim that the federal jurisdictional amount is not involved in the controversy, because it is not alleged in the complaint, and they contend that the court may not look further than the complaint to determine this question. This contention cannot be sustained. In deciding a motion to remand, all the record which is before the court should be considered to ascertain whether the requisite jurisdictional amount is involved in the controversy. Lever Bros. Co. v. J. Eavenson & Sons (D.C.) 7 F.Supp. 679; Martin v. City Water Company (D.C.) 197 F. 462, 465; Studebaker v. Salina Water Works Co. (D.C.) 195 F. 164, 165; Southern Cash Register Company v. National Cash Register Company (C.C.) 143 F. 659, 660, and cases there cited; Lord v. De Witt (C.C.) 116 F. 713 (per Lacombe, J.); Banigan v. City of Worcester (C.C.) 30 F. 392, 394; Sklarsky v. Great Atlantic & Pacific Tea Company et al. (D.C.) 47 F.(2d) 662, 663. In this case that record consists of not only the complaint but the petition and amended petition for removal, affidavits supporting the same, traverse to the petition for removal, and the motion to remand.

The matter in controversy in this suit is the prevention of the erection and maintenance upon the right of way of the Southern Railway Company of a general distributing plant for petroleum products and the prohibition of the lease for the use of the land for this purpose. In such a case it is not the claim of the plaintiff, but the value of the property of which the defendant may be deprived by the decree sought, which is the test of the jurisdictional amount. Mississippi & M. R. Co. v. Ward, 2 Black, 485, 17 L.Ed. 311; Rainey v. Herbert, et al. (C.C.A.) 55 F. 443; Washington Market Co. v. Hoffman, 101 U.S. 112, 25 L.Ed. 782; Mayor, etc., of Baltimore v. Postal Tel. Cable Co. (C.C.) 62 F. 500. By this test the record establishes the value of the matter in controversy to be well within the federal jurisdictional amount.

For the foregoing reasons the motion to remand must be denied.

Counsel may submit an order in accordance with the views herein expressed.