### HARTMAN v. BETHLEHEM STEEL CORPORATION.
### No. 58–W.

District Court, N. D. West Virginia.
Feb. 23, 1940.

Charles G. Baker, Benjamin G. Reeder, and Charles S. Armistead, all of Morgantown, W. Va., for plaintiff.

Frank R. Amos, of Fairmont, W.Va., for defendant.

BAKER, District Judge.

The undisputed facts in this case, insofar as the same are pertinent to the question now before this Court, are as follows:

George F. C. Hartman, the plaintiff, upon November 21, 1939, caused a summons to be issued in the Circuit Court of Monongalia County, West Virginia, returnable to December Rules, 1939. At December Rules, the plaintiff filed his declaration against the defendant, in the office of the Circuit Clerk of Monongalia County. On January 3, 1940, being the last Rule Day of the January Rules, at about five o'clock, p. m., Frank R. Amos, an attorney of Fairmont, West Virginia, went to the office of the Clerk of the Circuit Court of Monongalia County for the purpose of filing a petition and bond for removal of this action to this Court, and found the Circuit Clerk's office locked. He then went to the office of the Judge of the Circuit Court of Monongalia County, and found there the Judge's secretary. Using the Judge's telephone, he called the Clerk of the Circuit Court, Mrs. Evelyn H. Yorke, and advised her of his desire to file the necessary removal papers in this case, and asked what time they could be filed with her. Mrs. Yorke advised Mr. Amos that they could be filed at most any time, but that she was going to a beauty parlor and would be there for about two and one-half hours. She further advised him that after her return from the beauty parlor he should bring the papers to her at her residence.

About six o'clock that night, Mr. Amos served upon Charles G. Baker, one of counsel for the plaintiff, his written notice of intention to file the petition for removal and the bond. At about nine o'clock that night, he called at Mrs. Yorke's apartment and handed her the petition for removal, the bond, the notice, and the proof of service of the notice. The Clerk, upon receipt of these papers, marked them in pencil "Filed January Rules 1940." The next morning shortly after eight o'clock, she took these papers to her office and stamped them filed at January Rules 1940, with her official Clerk stamp. The papers were not physically within the walls of the room occupied by the Clerk as her office prior to midnight January 3, 1940.

The motion to remove was then called up in open Court before the Circuit Judge. This motion was resisted by counsel for the plaintiff, and was set down for argument on a later date. On this later day, the parties again appeared and the testimony of Mrs.

Yorke, regarding what occurred on the night of January 3, 1940, was heard. Upon the conclusion of this testimony, the Circuit Court refused to grant the petition for removal. Application was then made to this Court for an order of removal from the Circuit Court of Monongalia County to this Court and for a writ of certiorari for a copy of the record of said State Court. This application was granted and the proceeding was duly removed to this Court. The plaintiff seasonably made a motion to remand, and it is that motion which is now before the Court.

It is admitted in argument and not denied by the pleadings that the cause of action is one which is properly removable, there being no question but that diversity of citizenship exists, and that more than $3,000 is involved. It is also admitted in argument that under the West Virginia law, the defendant had until midnight of January 3, 1940, to file his petition, notice thereof, and bond for removal in the State Court. The only question is whether, under the facts, these papers were filed on January 3d or on January 4th.

■ I am of the opinion that the fact that the petition for removal was not presented to the Judge of the State Court or called to his attention before January 4th is without merit. I feel that this matter has been definitely settled by the Circuit Court of Appeals for the Fourth Circuit, in the case of Williams et al. v. New York P. & N. R. Co., 11 F.2d 363, 45 A.L.R. 437.

This then leaves the single question of whether handing the papers to the Clerk at her residence, at her suggestion, and the acceptance and endorsement of the same by her as filed at January Rules, constitutes filing with the Court under the terms of the Statute. Counsel were able to cite no decision of the Supreme Court of Appeals of West Virginia touching upon this question, and considerable search upon my part has failed to divulge any such decision. I am, therefore, forced to the conclusion that there is no precedent from the highest Court of this State that I might use for guidance. The exact point has apparently been raised seldom since counsel were unable to cite any Federal case directly in point. However, there is some Federal authority upon the subject.

In the case of In re Von Borcke, 94 F. 352, District Court of New Jersey, it was held that a petition in bankruptcy is deemed filed, within the meaning of the bankruptcy law, when it is delivered personally to the Clerk of the Court of Bankruptcy and received by him for the purpose of being kept on file, though not at his office, nor during office hours.

A case directly in point is that of Engstrom v. Canadian Northern Railway Co., 8 Cir., 291 F. 736, 738. The facts in that case were as follows:

An action was instituted in the State Court of Minnesota. Within the time required for removal of this action, a petition seeking such removal was handed to the Clerk of that State Court when he was in another county. Upon a motion to remand, it was held that such motion should be refused since this constituted filing under the Federal Statute. In that connection, the Court said:

"In Minnesota a district court covers a number of counties, one judge acting for all the counties in the district. The clerk, although elected for each county, is the clerk of the district court for the district. Article 6, § 13, of the Constitution of the state provides:

"'There shall be elected in each county where a district court shall be held, one clerk of said court.'

"It is the common practice of the district courts in that state, for the clerk elected in one county to attend courts in other counties of the district in purely formal matters presented to the judge of the district court, while in another county, than the one in which the clerk was elected. The delivery to the clerk for filing a pleading or other instrument outside of his office, accepted by him for that purpose, is sufficient, even if he fails to indorse it at the time. State v. Crosley Park Land Co., 63 Minn. 205, 207, 65 N.W. 268; People's Saving Bank & Trust Co. v. Batchelder Egg Case Co., 51 F. 130, 135, 2 C.C.A. 126, 131, decided by this court. In that case, which arose under the statutes of the state of Arkansas, which require the clerk of the circuit court of each county to keep an office at the seat of justice of the county and transact his business there, complaints and affidavits for attachments were handed to him at a law office, some distance from the courthouse, and he there issued the writs and later placed the complaints and affidavits in his office. This court held that this was sufficient. The court said:

"'It is undoubtedly the duty of the clerk under section 547 (of the Statutes of Ar-

kansas) to keep an office at the seat of justice, and transact his business there. But neither this section, nor any other provision of the statute, declares that every official act of the clerk not performed within the four walls of his office shall be void. To place such a construction upon this statute would be productive of the most injurious consequences to the public. It is common practice for the clerk to perform official acts and affix his seal to documents outside of his office. He frequently takes acknowledgements of conveyances and powers of attorney, and signs and seals the same, outside of his office. Are all such acknowledgments void? The clerk should be in his office during the business hours ready to transact the public business, but it is perfectly competent for him to perform such official acts as were performed in this case elsewhere than in his office.'

"In Lynde v. Winnebago County, 16 Wall. (83 U.S.) 6, 21 L.Ed. 272, bonds of a county in Iowa were signed by the officer and the seal of the county affixed in another state and the validity of the bonds was sustained."

 It will be observed that the facts in the Engstrom case presented a much stronger case for remanding than those in the case now before me. In the Engstrom case, the papers were given to the Clerk outside of his County. They were not even marked in any way by the Clerk until he later took them to his office. In the case now before me, the papers were given to the Clerk in her County, officially accepted by her, and marked at the time of receipt as filed on that date.

Therefore, in the absence of any other authority, I feel constrained to follow the 8th Circuit Court of Appeals, and to refuse the motion to remand.