**RANGE OIL SUPPLY COMPANY, a Minnesota Corporation, Complainant-Appellant,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Respondent-Appellee.**

Civ. No. 5354.

United States District Court D. Minnesota, Fourth Division.

May 1, 1956.

Gordon Rosenmeier, Little Falls, Minn., for complainant-appellant.

Philip Stringer, St. Paul, Minn., for respondent-appellee.

DEVITT, District Judge.

This is a motion to remand a removed action to the State Courts.

It began as a proceeding before the Minnesota Railroad and Warehouse Commission in which complainant invoked Minnesota Statutes Annotated, §§ 230.09, 230.10 and 230.11. These statutes provide in essence that any person or corporation shall have the right to use a portion of a railroad right of way as a site for a public warehouse or elevator upon payment of reasonable compensation therefor. If the parties disagree on the site to be subjected to use or upon the compensation therefor, the party seeking the site may file a complaint with the State Railroad and Warehouse Commission. The Commission has the power to establish the site or to fix the compensation therefor if it finds the complainant entitled thereto.

Complainant filed its verified complaint with the Commission and requested an order establishing a site for a public warehouse on the right of way of the respondent railroad in Minneapolis, Minnesota. After notice and hearing, the State Commission found facts adverse to complainant and dismissed the complaint. The complainant appealed to the State District Court for Hennepin County, Minnesota, but before the matter could be heard on appeal, respondent petitioned for removal of the cause to this court.

Respondent railroad, a Delaware corporation, alleges, as a jurisdictional basis, diversity of citizenship and that the matter in controversy involves over $3,000. Complainant moves to remand the proceeding to the State District Court.

The provisions governing removal of actions to the Federal District Courts are embodied in 28 U.S.C.A. § 1441:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

This proceeding does not involve a claim or right arising under the Constitution, laws or treaties of the United States. All other requirements for removal having been met, the only issues presented here are (1) whether this controversy is a "civil action" within the meaning of Section 1441(a) and (2) whether this controversy is one of which the federal courts have original jurisdiction.

Considering these issues in inverse order, we refer to 28 U.S.C.A. § 1332 to determine whether this controversy is one of which this court has original jurisdiction:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between

"(1) citizens of different States * * *."

■■ Is there the requisite jurisdictional amount? The test of the jurisdictional amount is the value of the use of the property of which the respondent railroad may be deprived of by complainant's action. Ross v. Southern Ry. Co., D.C.S.C.1937, 20 F.Supp. 556. This case involves the use of a plot of ground measuring about 100 feet by 130 feet. The value of the exclusive use of this land, for what may well be an indeterminable length of time, is well over the requisite jurisdictional amount, although such value may be incapable of precise measurement. The parties have agreed that the $3,000 jurisdictional figure is not in issue.

The requirement that the controversy be a civil action is a requisite for invoking the original jurisdiction of this court, and is therefore also a requisite for invoking the jurisdiction of this court on removal. We proceed to a determination of whether or not there is a "civil action" involved here.

■ The expression "civil action" as used in 28 U.S.C.A. § 1441(a) appears to be used in contradistinction to "criminal case" or action or proceeding. See Justice Black's dissent in Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 583, 74 S.Ct. 290, 98 L.Ed. 317. In this sense the controversy here is a civil action whether before an administrative tribunal or a reviewing court.

At all events, it clearly became a civil action when the appeal was taken. This is the unmistakable holding of In re Chicago, M. & St. P. & P. R. Co., D.C.Minn. 1931, 50 F.2d 430. There, the then District Judge, John B. Sanborn, denied a motion to remand an appeal from the Minnesota Railroad and Warehouse Commission involving a railroad grade separation issue in the City of Minneapolis.

But the complainant has suggested that if the motion to remand is denied, the court will be placed in the anomalous position of reviewing an order of a state administrative body, something which it could not otherwise do because there is no authority for direct appeal from a state agency to a federal district court in cases of this kind.

■■ It is true that an appeal cannot be taken to a federal district court from the decision of a state administrative body, Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, and that a state legislature could not effectively confer that authority, Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424, but it does not follow that this nonresident railroad is deprived of the statutory authority to invoke the jurisdiction of the federal courts in a diversity of citizenship case. The respondent here is not seeking the judicial review. It prevailed below and is the passive party.

The respondent's right to removal and the complainant's right to review are both insured. If the respondent railroad had received an *adverse* result before the state commission and had then sought a review in this court by way of removal, the case would fall within the facts and holding of Collins v. Public Service Commission, D.C.W.D.Mo.1955, 129 F.Supp. 722. The Collins case, much relied on by

complainant, is distinguishable on this ground.

It is concluded that this controversy is a civil action, and that since there is present a diversity of citizenship and the requisite jurisdictional amount, the action is properly removable to the federal court.

·The motion to remand to the state district court for Hennepin County, Minnesota is denied.