Baruch **DIENSTAG** and Simon Dienstag, individually and as copartners doing business under the firm name and style of **B & M Dienstag, Plaintiffs,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant.**

United States District Court
S. D. New York.
Nov. 18, 1957.

Murray Miller, New York City, for plaintiffs.

Rein, Mound & Cotton, New York City, Paul D. Compton, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

The plaintiffs move to remand this action to the City Court of the City of New York on the ground that the bond which is required to accompany the petition of removal, pursuant to Title 28 U.S.C. § 1446(d), was not filed until October 22, 1957, one day after the filing of the removal petition and after the expiration of the time prescribed by the statute.

The verified complaint was received by the defendant on October 1, 1957. Pursuant to the provisions of § 1446(b) which requires the filing of a petition of removal to the federal court within 20 days after the filing of the initial pleading setting forth the claim for relief upon which the action is based, the defendant filed on October 21, 1957, its petition for removal.

The application to remand is grounded on the fact that the bond was not stamped filed until October 22, 1957, whereas the petition was timely stamped filed on October 21, 1957. It is the plaintiffs' contention that by reason of this one day delay in stamping, the bond did not accompany the petition as required by § 1446(d) and was, therefore, not technically filed until 21 days after the receipt of the complaint by the defendant.

The plaintiffs fall into error by the restricted meaning they would attach to the word "filed". The facts asserted without contradiction in the affidavits of George Ferguson who brought the petition and bond to the courthouse for filing and of Paul D. Compton, a member of the firm of Rein, Mound & Cotton, attorneys for the defendant, submitted in opposition to the instant motion, clearly disclose that both the petition and the bond were filed simultaneously on October 21, 1957 and that while the bond was stamped October 22 it did in fact "accompany" the petition as required by § 1446(d). It appears quite clearly that the petition for removal was executed on October 21, 1957, given by Mr. Compton to Mr. Ferguson, a clerk employed by Mr. Compton's firm together with a removal bond which had been procured on that day by Mr. Compton, with instructions to file both documents on the afternoon of the 21st. Subsequently Mr. Ferguson presented to Mr. Compton the Clerk's receipt for the filing fee.

Mr. Ferguson states in his affidavit that he was handed the petition for removal together with the removal bond, attached by staples, on October 21, 1957, by Mr. Compton; that he presented the papers that afternoon on the sixth floor of this courthouse to Catherine B. Salamone, the cashier and filing clerk and paid the required fee of $15 for which he was given a receipt; that Miss Salamone advised him that the bond should not be attached to the petition because it had to be first approved by the Clerk; that she detached the bond from the petition and returned it to him with the instruction that he deliver it to Room 601–A and there present it to the clerk in charge. Mr. Ferguson thereupon proceeded to Room 601–A, where he delivered the bond to a Mr. Brugo, who noted it was in order. After the instant motion to remand was served, he returned to the Clerk's Office to find out why the bond had been noted "Filed 10 22 57"

rather than on October 21, 1957, the date upon which he delivered it to the Clerk's Office. Both Miss Salamone and Mr. Brugo recalled that he had delivered the bond to the Clerk's Office on October 21, 1957. Miss Salamone advised that the petition would not have been accepted for filing if it had not been accompanied by the bond. Mr. Charlson, the Clerk of this court, indicated that the bond had been stamped "Filed 10 22 57" because other bonds were awaiting his approval on October 21st and he did not get around to approving this particular bond until the following day.

It is perfectly apparent that by presenting its petition and bond on October 21, 1957, within the appropriate time provided for by the subdivisions of § 1446, the removing defendant complied with the statute and did indeed present its petition with the accompanying bond within the time prescribed.[1]

The defendant did all that was required of it when it deposited the necessary documents with the proper custodian for the purpose of being filed. Certainly the defendant, in complying with the letter of the statute, should not be penalized because of a practice existing in the Clerk's Office of detaching the bond from the petition or because of the delay in the approval of the bond occasioned by the pressure of other business. In short, the defendant should not be at the mercy of the custodian of the documents who failed until a day later to go through the act of stamping the paper. Certainly a paper may be filed without being marked or stamped. Lever Bros. Co. v. J. Eavenson & Sons, Inc., D. C.S.D.N.Y.1934, 7 F.Supp. 679; see also Hartman v. Bethlehem Steel Corp., D.C. N.D.W.Va.1940, 31 F.Supp. 683.

It is clear, therefore, that while the bond was not file marked until October 22, 1957, the record shows without dispute that the petition and bond, properly prepared for filing, were sent to, lodged with and received for filing by the Clerk on October 21, 1957, "within twenty days after the receipt by the the the defendant * * * of a copy of the initial pleading * * *." Milton v. United States, 5 Cir., 1939, 105 F.2d 253.

The motion to remand must be denied. So ordered.

---

1. While it is not necessary to my decision, I note that subdivision (b) provides that the petition must be "filed" within 20 days, etc., while subdivision (d), which refers to the bond required in connection with the petition for removal, does not require a "filing" of the bond but merely says that the petition shall be "accompanied by a bond with good and sufficient surety," etc. Hence there would be strict compliance if the bond accompanied the petition, as it did here, even if the bond were never stamped filed. In any event, it is obvious that both the petition and the bond were filed on October 21, 1957, despite the stamp mark on the bond.